**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4556**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KALIL K. CASEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:18-cr-00030-HEH-1)

Submitted: March 27, 2019                                  Decided: April 3, 2019

Before KEENAN and WYNN, Circuit Judges, and DUNCAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Alexandria, Virginia, Mary E. Maguire, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Heather Hart Mansfield, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kalil K. Casey appeals his 82-month sentence imposed pursuant to his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Casey argues that his sentence is procedurally unreasonable because the district court failed to explain sufficiently its reasons for imposing an 82-month sentence. Finding no error, we affirm.

We review a criminal sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We must "ensure that the district court committed no significant procedural error, such as . . . failing to adequately explain the chosen sentence." *Id.* at 51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *Id.* at 328 (internal quotation marks omitted). "Nonetheless, when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Having reviewed the record, we find that the district court addressed Casey's arguments at sentencing and adequately explained why other factors under 18 U.S.C. § 3553(a) (2012), particularly Casey's substantial criminal history, warranted the within-

2

Guidelines sentence he received.  Because the district court did not abuse its discretion, we affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*